# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY TOBIAS,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 25-cv-02853 |

## ANSWER

Defendant, the U.S. Department of Justice (the "Department" or "Defendant"), by and through undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint ("Complaint"), ECF No. 1, as follows.

   1.   The first sentence of this paragraph refers to an unspecified news interview, and Defendant refers the Court to the text of that interview for a full and complete description of its contents. The second sentence of this paragraph contains Plaintiff's characterization of this action, to which no response is required. To the extent that a response is required.

## PARTIES

   2.   This paragraph consists of Plaintiff's characterization of himself, about which Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

   3.   Defendant admits that the Department is an agency within the meaning of

1

5 U.S.C. §552(f)(1).

## JURISDICTION AND VENUE

4. This paragraph consists of Plaintiff's conclusions of law as to jurisdiction, to which no response is required.

5. This paragraph consists of Plaintiff's conclusions of law as to venue, to which no response is required.

## PLAINTIFF'S FOIA REQUEST

6. Defendant admits that OIP received a FOIA request from Plaintiff on August 4, 2025. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its content and denies any allegations inconsistent therewith.

7. Defendant admits that Plaintiff's FOIA request to OIP seeks expedited processing, but lacks a factual basis to affirm or deny why Plaintiff chose to do so. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8. This paragraph consists of Plaintiff's characterization of an exhibit to the Complaint, to which no response is required. Defendant respectfully refers the Court to the exhibit for a complete and accurate statement of its content and denies any allegations inconsistent therewith.

9. Defendant admits that, by a letter dated August 12, 2025, the Department's Office of Information Policy ("OIP") acknowledged receipt of Plaintiff's FOIA request, assigned the request tracking number FOIA-2025-06208, assigned the request to OIP's

complex processing track, and denied Plaintiff's request for expedited processing. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10. This paragraph consists of Plaintiff's legal allegation as to whether a sufficient basis exists for DOJ's assignment of this case to its "complex" track, to which no response is required. To the extent any response is required, Defendant denies.

11. This paragraph consists of Plaintiff's characterization of an exhibit to the Complaint. Defendant respectfully refers the Court to the exhibit for a complete and accurate statement of its content and denies any allegations inconsistent therewith.

12. Admitted.

13. This paragraph consists of Plaintiff's characterization of an exhibit to the Complaint. Defendant respectfully refers the Court to the exhibit for a complete and accurate statement of its content and denies any allegations inconsistent therewith.

14. Denied.

15. Defendant admits it has not issued a final determination in response to Plaintiff's FOIA request.

16. Defendant admits that, as of the filing date of the Complaint, the Department has not provided its response to Plaintiff's FOIA request.

17. This paragraph consists of legal conclusions to which no response is required. To the extent any response is required, Defendant denies.

## COUNT I

18. In response to Paragraph 18, Defendant hereby incorporates its responses to Paragraphs 1–17 as if fully stated herein.

19. This paragraph consists of conclusions of law and Plaintiff's characterization of its FOIA request, to which no response is required. To the extent any response is required, Defendant denies.

20. Defendant admits that the Department is an agency within the meaning of 5 U.S.C. §552(f)(1).

21. This paragraph consists of conclusions of law, to which no response is required. To the extent any response is required, Defendant denies.

22. This paragraph consists of conclusions of law, to which no response is required. To the extent any response is required, Defendant denies.

23. This paragraph consists of conclusions of law, to which no response is required. To the extent any response is required, Defendant denies.

24. This paragraph consists of conclusions of law, to which no response is required. To the extent any response is required, Defendant denies.

25. This paragraph consists of conclusions of law, to which no response is required. To the extent any response is required, Defendant denies.

## Requested Relief

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

\*\*\*

To the extent that any allegation is not admitted herein, it is denied. Defendant reserves their right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant denies each and every allegation contained in the Complaint not expressly admitted in its Answer. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized under FOIA.

5

**SECOND DEFENSE**

Plaintiff is not entitled to compel production of responsive records protected from disclosure by one or more exemptions or exclusions to the FOIA, 5 U.S.C. § 552, as amended.

**THIRD DEFENSE**

The FOIA request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted. *See* 5 U.S.C. § 522(b).

**FOURTH DEFENSE**

Plaintiff's Complaint fails to state a claim for which relief can be granted, as Defendant has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522.

**FIFTH DEFENSE**

Plaintiff is neither eligible nor entitled to attorney's fees or costs.

\*\*\*

Dated: September 24, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ELIZABETH SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

*/s/Michael J. Gerardi*
Michael J. Gerardi
Senior Trial Counsel (DC Bar No. 1017949)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: Michael.J.Gerardi@usdoj.gov

*Attorneys for Defendant*