UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY TOBIAS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 1:25-cv-2853-RDM <br> ) |
| U.S. DEPARTMENT OF JUSTICE, | ) <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANT'S STATEMENT IN OPPOSITION TO PLAINTIFF'S**
**REQUEST FOR A PRE-MOTION CONFERENCE**

Defendant respectfully submits this response to Plaintiff's request for a pre-motion conference.[1] ECF No. 8. Plaintiff seeks summary judgment on the issue of whether Defendant should grant expedited processing of the below FOIA request, submitted July 23, 2025:

> In a February 2025 appearance on Fox News, Attorney General Pam Bondi was asked the following by a Fox News journalist: "The DOJ may be releasing the list of Jeffrey Epstein's clients. Will that really happen?" Bondi responded: "It is sitting on my desk right now to review. That has been a directive by President Trump. I am reviewing that." You can see the full interview here: https://www.foxnews.com/politics/bondi-says-epsteinclient-list-sitting-my-desk-right-now-reviewing-jfk-mlk-files.

> I seek all of the Epstein-related records that Bondi was referring to during this interview appearance, including the document or documents she was referring to when she stated, "It is sitting on my desk right now to review." This request also seeks the "list of Jeffrey Epstein's clients" that Bondi was asked about by the Fox News reporter and confirmed having in her possession during the interview appearance.

---

[1] By mutual agreement, Defendant is submitting this response in conjunction with its answer to the operative complaint.

> I do not seek a copy of the publicly available list of Epstein's associates that was unsealed by a judge in 2024 in a civil lawsuit against Ghislaine Maxwell, and which is described in this CBS News article: https://www.cbsnews.com/news/jeffrey-epstein-list-associates-unsealedjudge-rules/

Compl. ¶ 6; *see also id.* Ex. 1, ECF No. 1-1. Plaintiff asked for expedited processing on the basis that the information he sought "could shed light on a matter of urgent and compelling public interest," but did not expressly state the legal basis under which he sought expedition. Defendant construed the request as arising under 28 C.F.R. § 16.5(e)(1)(ii), and denied it, noting that it could not "identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally." *Id.*, Ex. 2, ECF No. 1-1; *see also* 28 C.F.R. § 16.5(e)(1)(ii) (permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information").

Defendant will oppose Plaintiff's motion. To succeed on his motion, Plaintiff has the burden to show that expedition of his request is appropriate. *See Al-Fayed v. C.I.A.*, 254 F.3d 300, 305 n.4 (D.C. Cir. July 13, 2001). In making that showing, a plaintiff must rely upon the "record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii). Since DOJ denied Plaintiff's request for expedited processing on August 12, 2025, ECF No. 1-1, the Court may consider Defendant's decision only in light of the submissions Plaintiff made on or prior to that date. Insofar as Plaintiff seeks expedition on a regulatory ground, Defendant's determination is entitled to deference. *See Al-Fayed*, 254 F.3d at 307 n.7; *Oversight v. Dep't of Just.*, 292 F. Supp. 3d 501, 506 (D.D.C. 2018).

Plaintiff's pre-motion statement clarifies that he was relying on the FOIA statute, which requires expedited processing on a matter of "compelling need," to obtain expedition, as set forth in 5 U.S.C. § 552(a)(6)(E)(i)(I) and § 552(a)(6)(E)(v)(II). Plaintiff also purports to rely on DOJ's regulation permitting expedition pursuant to 28 C.F.R.

§16.5(e)(1)(iv), which permit expedition when "[t]here are possible questions, in a matter of widespread and exceptional public interest, about the Government's integrity which affect public confidence."

Defendant's opposition to Plaintiff's motion will show that Plaintiff has failed to carry their burden of persuasion on the issue of whether DOJ's decision to deny expedition to Plaintiff's request on the record before the agency at the time the request was made was improper. Plaintiff fails to meet the statutory basis for expedition because he has, at a minimum, failed to show how processing his request on a normal track "would compromise a significant recognized interest," as the law requires, and his FOIA request was submitted months after the incident he inquired about took place. *Al-Fayed*, 254 F.3d at 310; *see also Brennan Ctr. For Just. At N.Y.U. Sch. Of L. v. Dep't of Com.*, 498 F. Supp. 3d 87, 99 (evaluation of likelihood of success on "compelling need" factor "track closely with [the Court's] evaluation of irreparable harm"). As to § 16.5(e)(1)(iv), while Plaintiff's pre-motion notice cites many news stories about the Attorney General's statement in February, these stories were not part of the record before Defendant when it ruled on Plaintiff's request. DOJ has already addressed the Attorney General's prior comments on the client list, *see* Dep't of Justice & Fed. Bureau of Investigation, *Memorandum* (July 2025), https://www.justice.gov/opa/media/1407001/dl?inline, and in its discretion, DOJ is not required to accord special treatment to a FOIA request stemming from a comment that was made five months prior to the underlying request.

Defendant suggests that the parties proceed to briefing summary judgment on the issue of expedited processing, and requests approximately three weeks from the time of the filing of Plaintiff's motion for the filing of an opposition to the motion, subject to any personal and professional conflicts of counsel that may arise depending on the exact date Plaintiff chooses to file his motion.

***

| | |
|---|---|
| Dated: September 24, 2025 | Respectfully submitted,<br><br>BRETT A. SHUMATE<br>Acting Assistant Attorney General<br>Civil Division<br><br>ELIZABETH SHAPIRO<br>Deputy Director<br>Civil Division, Federal Programs Branch<br><br>*/s/Michael J. Gerardi*<br>Michael J. Gerardi<br>Senior Trial Counsel (DC Bar No. 1017949)<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L St. NW<br>Washington, DC 20005<br>Tel: (202) 616-0680<br>Fax: (202) 616-8460<br>E-mail: Michael.J.Gerardi@usdoj.gov<br><br>*Attorneys for Defendant* |