IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY TOBIAS,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 1:25-cv-2853 (RDM) |

**DECLARATION OF SEAN O'NEILL**

I, Sean O'Neill, declare the following to be true and correct:

1. I am Chief of Staff in the Office of Information Policy ("OIP"), United States Department of Justice ("DOJ" or "the Department"). In this capacity, I am currently responsible for overseeing the Office's responsibilities related to the Freedom of Information Act ("FOIA"), including processing FOIA requests seeking records from within OIP and from the following DOJ components: the Offices of the Attorney General ("OAG"), Deputy Attorney General ("ODAG"), Associate Attorney General ("OASG"), Legal Policy ("OLP"), Legislative Affairs ("OLA"), and Public Affairs ("OPA"), and the Executive Secretariat ("OES") (collectively, the "OIP FOIA Clients"). I am also responsible for supervising the handling of FOIA requests subject to litigation processed by OIP, the adjudication of administrative appeals from FOIA determinations made by DOJ components, and efforts to encourage Executive Branch agency compliance with the FOIA. Prior to becoming Chief of Staff, from 2012 to 2019, I served as the Chief of OIP's Administrative Appeals Staff. In that role, I supervised the adjudication of all administrative appeals from FOIA determinations made by any Department component and

1

provided FOIA legal advice and training to Department components and federal agencies on the various regulations and policy directives relevant to the administration of the FOIA. From 2006 to 2012, I was an Attorney Advisor on OIP's Administrative Appeals Staff.

2.  The IR Staff devises appropriate records searches for each FOIA request it processes on behalf of OIP FOIA Clients and determines whether records can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in these components and, when appropriate, with other components within the DOJ, as well as with other Executive Branch agencies.

3.  I make the statements herein on the basis of personal knowledge, including my extensive experience with the FOIA, with OIP, and in handling FOIA requests for OIP FOIA Client records, as well as information acquired by me in the course of performing my official duties.

4.  The purpose of this declaration is to provide the Court with information sought in its December 9, 2025 Minute Order, namely that Defendant shall provide "a declaration describing the search it conducted and the results that search achieved and, if asserting a FOIA exemption, the basis for withholding."

## Plaintiff's FOIA Request

5.  On August 4, 2025 and August 12, 2025, Plaintiff submitted identical FOIA requests to the Department seeking "all of the Epstein-related records that Bondi was referring to during [a February 2025 Fox News] interview appearance, including the document or documents she was referring to when she stated, 'It is sitting on my desk right now to review.'" Plaintiff's requests also seek "the 'list of Jeffrey Epstein's clients' that Bondi was asked about by the Fox News reporter."

6. By letter dated August 12, 2025, OIP acknowledged receipt of Plaintiff's FOIA requests, assigned tracking numbers FOIA-2025-06208 and FOIA-2025-06368. OIP informed Plaintiff that it had administratively closed the second, duplicative request with tracking number FOIA-2025-06368. OIP also informed Plaintiff that it determined that the request for expedited processing pursuant to the Department's standard permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information" should be denied.

7. By letter dated January 6, 2026, OIP responded to Plaintiff's FOIA request.

### Description of the Department's Search

8. Upon receipt of a FOIA request, OIP makes determinations both as to the appropriate offices in which to conduct an initial records search and as to the records repositories and search methods to use in conducting records searches on behalf of the OIP FOIA Clients. OIP bases its assessment of where responsive records are likely maintained on a review of the content of the request itself and the nature of the records sought, as well as OIP's familiarity with the types and locations of records that each OIP FOIA Client maintains, discussions with knowledgeable personnel in these offices or elsewhere in the Department, and additional research that OIP staff may conduct on the topic of the request to assist with its assessment. Depending on the request, OIP may utilize different search methods, such as a search of paper records or electronic searches of email systems, shared drives, or other electronic files or databases. At times, OIP will also inquire directly with knowledgeable officials in relevant OIP FOIA Client offices to ascertain whether records exist and/or to inform search parameters.

9. To ensure a reasonably thorough search, OIP regularly assesses potential additional locations or alternative search methods to identify potentially responsive records and

initiates additional searches as appropriate.  OIP may have ongoing discussions with staff within the Department who are knowledgeable about the potential locations of records to determine where, and to what extent, potentially responsive records may exist that would not be identified via typical search methodologies (such as within classified records systems).  Overall, OIP employs an iterative search methodology that is tailored to the requirements of each individual FOIA request.

10.     Based on the substance of Plaintiff's request, OIP determined that OAG was the appropriate office to search and that the most effective and efficient way to conduct a reasonably tailored search for the requested records would be to inquire with knowledgeable officials in Department leadership.  OIP therefore conducted outreach to individuals in Department leadership offices.  On behalf of OIP, OASG coordinated outreach to individuals in OAG identified as most likely to be knowledgeable as to the existence and content of records responsive to Plaintiff's request.

11.      As a result of this search, OIP was informed that there are no records responsive to Plaintiff's request for "the list of Jeffrey Epstein's clients."  As the Department made clear and acknowledged via a letter issued on July 7, 2025, a "systematic review" of the Epstein material "revealed no incriminating 'client list.'"[1]

12.     Further, to the extent the request seeks whatever Epstein materials were "sitting on [the AG's] desk," records responsive to this FOIA request can be found on the Department's website at the following address: https://www.justice.gov/epstein/doj-disclosures.

13.     Based on my experience with the Department, my familiarity with the records maintained by the OIP FOIA Clients, and my discussions with knowledgeable Department

---

[1] July 7, 2025 Memorandum, available at https://www.justice.gov/opa/media/1407001/dl?inline.

5

personnel, I have determined that OIP's searches in this case were reasonably calculated to uncover all potentially responsive materials.

I declare under penalty of perjury that the foregoing is true and correct.

     _____
     Sean O'Neill

Executed this 6 day of January, 2026.

5